FILED

2009 DEC 31 P 2: 40

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CAL. SAN JOSE

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

E-filing

5  Attorney for Plaintiff
   JENNIFER LYNN NEMEC
6

ADR

7
8      IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF CALIFORNIA
9              SAN JOSE DIVISION

10  JENNIFER LYNN NEMEC,                    Case No.:

11                        Plaintiff,        C09    06101    PVT
                                            COMPLAINT
       v.
12                                          DEMAND FOR JURY TRIAL
13  FINANCIAL RECOVERY CENTER, INC., a
    New York corporation; TODD O. LARABA,   15 United States Code § 1692 et seq.
14  individually and in his official capacity;   California Civil Code § 1788 et seq.
    MCMILLIAN & ANDREWS, LLC, A/K/A         California Civil Code § 1812.700 et seq.
15  MCMILLIAN, ANDREWS AND                  Intrusion Upon Seclusion
    ASSOCIATES, LLC, a business entity of   Negligent Infliction of Emotional Distress
16  unknown type; DAVID F. GARLOCK,         Negligent Collection
    individually and in his official capacity;   Negligent Training
17  MICHAEL D. ENZINNA, individually and in Negligent Supervision
    his official capacity; JUSTIN J. TATA, A/K/A   Tort-in-se
18  JOSEPH J. ROMANO, individually and in his
    official capacity; MARK E. LEWIS,
19  individually and in his official capacity; and
    DOES 1 through 10, inclusive,
20
21                        Defendants.
22
23      Plaintiff, JENNIFER LYNN NEMEC (hereinafter "Plaintiff"), based on information and belief

24  and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

25  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

26                          **I. INTRODUCTION**

27      1.    This is an action for actual damages, statutory damages, punitive damages, attorney

28

fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendants engaged in unlawful acts, and abusive and intrusive practices in connection with an attempt to collect a debt, including making repeated and continuous telephone calls to Plaintiff in an attempt to collect a consumer debt.

2. Plaintiff suffered emotional distress as a direct and proximate result of Defendants' unlawful acts, including, anxiety, embarrassment, humiliation, anger, fear, worry, sleeplessness.

3. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action

1   to protect consumers against debt collection abuses.

2       4.   Plaintiff seeks actual damages, statutory damages, attorney fees and costs under the

3   Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter

4   "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and

5   unfair practices. The California Legislature has found that:

6   
7   > The banking and credit system and grantors of credit to consumers are
>   dependent upon the collection of just and owing debts.   Unfair or
8   > deceptive collection practices undermine the public confidence which is
>   essential to the continued functioning of the banking and credit system
9   > and sound extensions of credit to consumers.[1]

10       5.   Plaintiff also seeks actual damages and punitive damages for Defendants' intrusion

11   upon Plaintiff's seclusion and for Defendants' negligent collection practices.

12   
13   ## II. JURISDICTION

14       6.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

15   supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.   Declaratory

16   relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

17       7.   This action arises out of Defendants' violations of the Fair Debt Collection

18   Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

19   
20   ## III. VENUE

21       8.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

22   substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

23   Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

24   transact business in this judicial district and the violations of the FDCPA complained of occurred in this

25   judicial district.

26   
27   / / /

28   
---
[1]   Cal. Civil Code § 1788.1(a)(1).

COMPLAINT

#### IV.  INTRADISTRICT ASSIGNMENT

9.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

#### V.  PARTIES

10.    Plaintiff, JENNIFER LYNN NEMEC (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

11.    Defendant, FINANCIAL RECOVERY CENTER, INC. (hereinafter "FRCI"), is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located at: 908 Niagara Falls Boulevard, Suite 220, North Tonawanda, New York 14120-2016. FRCI may be served as follows: Financial Recovery Center, Inc., Attn: President, 908 Niagara Falls Boulevard, Suite 220, North Tonawanda, New York 14120-2016.  The principal purpose of FRCI is the collection of debts using the mails and telephone, and FRCI regularly attempts to collect debts alleged to be originally due another.  FRCI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12.    Defendant, TODD O. LARABA (hereinafter "LARABA"), is a natural person and, on information and belief, is or was an employee, agent, officer and/or director of FRCI at all relevant times.  LARABA may be served at his current business address at: Todd O. Laraba, Financial Recovery Center, Inc., 908 Niagara Falls Boulevard, Suite 220, North Tonawanda, New York 14120-2016 and at his residence address at: Todd O. Laraba, 6587 Sanders Road, Lockport, New York 14094-9521.  LARABA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that LARABA is liable for the acts

of FRCI because he sets and approves FRCI collection policies, practices, procedures and he directed the unlawful activities described herein.

13.     Defendant, MCMILLIAN & ANDREWS, LLC, A/K/A MCMILLIAN, ANDREWS AND ASSOCIATES, LLC (hereinafter "M&A"), is a business entity of unknown type engaged in the business of collecting debts in this state with its principal place of business located in Lockport, New York.  M&A may be served as follows: McMillan & Andrews, LLC, Attn: Managing Partner, 5677 South Transit Road, PMB 325, Lockport, New York 14094-5842.  The principal purpose of M&A is the collection of debts using the mails and telephone, and M&A regularly attempts to collect debts alleged to be originally due another.  M&A is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

14.     Defendant, DAVID F. GARLOCK (hereinafter "GARLOCK"), is a natural person and, on information and belief, is or was an employee, agent, officer and/or director of M&A at all relevant times.  GARLOCK may be served at his current business address at: David F. Garlock, McMillan & Andrews, LLC, 5677 South Transit Road, PMB 325, Lockport, New York 14094-5842 and at his residence address at: David F. Garlock, 609 Market Street, Lockport, New York 14094-2562.  GARLOCK is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that GARLOCK is liable for the acts of M&A because he sets and approves M&A collection policies, practices, procedures and he directed the unlawful activities described herein.

15.     Defendant, MICHAEL D. ENZINNA (hereinafter "ENZINNA"), is a natural person and, on information and belief, is or was an employee, agent, officer and/or director of M&A at all relevant times.  ENZINNA may be served at his current business address at: Michael D. Enzinna, McMillan & Andrews, LLC, 5677 South Transit Road, PMB 325, Lockport, New York 14094-5842

and at his residence address at: Michael D. Enzinna, 11 Bright Street, Lockport, New York 14094-4103. ENZINNA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that ENZINNA is liable for the acts of M&A because he sets and approves M&A collection policies, practices, procedures and he directed the unlawful activities described herein.

16.   Defendant, JUSTIN J. TATA, A/K/A JOSEPH J. ROMANO (hereinafter "TATA"), is a natural person and, on information and belief, is or was an employee, agent, officer and/or director of M&A at all relevant times. TATA may be served at his current business address at: Justin J. Tata, McMillan & Andrews, LLC, 5677 South Transit Road, PMB 325, Lockport, New York 14094-5842 and at his residence address at: Justin J. Tata, 128 Taunton Place, Buffalo, New York 14216-1829. TATA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that TATA is liable for the acts of M&A because he sets and approves M&A collection policies, practices, procedures and he directed the unlawful activities described herein.

17.   Defendant, MARK E. LEWIS (hereinafter "LEWIS"), is a natural person and licensed attorney in the state of New York. LEWIS may be served at his current business address at: Mark E. Lewis, Law Office of Mark E. Lewis, 4431 Union Road, Cheektowaga, New York 14225-2305. Plaintiff is informed and believes, and thereon alleges that LEWIS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

18.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1

through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California.  Plaintiff will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiff.

19.    At all relevant times alleged in this Complaint, Defendants, and each of them, were debt collectors engaged in the business of collecting consumer debts throughout the state of California, including Santa Clara County.

20.    Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

21.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

22.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

23.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or

joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

24.   Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

25.   At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint.   Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

## VI.  FACTUAL ALLEGATIONS

26.   On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation (hereinafter "the alleged debt").   The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

27.   In December of 2008, Defendants began a campaign of telephone harassment in an attempt to embarrass, shame and humiliate the Plaintiff.   Defendants intruded upon Plaintiff's privacy and seclusion by engaging in repeated telephone harassment and extortionist conduct, including, falsely threatening arrest, imminent suit, garnishment and seizure of property.

28.   Defendants failed within five days after their initial communication with Plaintiff,

to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after their initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendants and that Defendants would provide Plaintiff with the name and address of the original creditor.  This omission by Defendants violated 15 U.S.C. § 1692g.

29.     Defendants failed to provide Plaintiff the Consumer Collection Notice required by Cal. Civil Code § 1812.700(a).  The Consumer Collection Notice required by this statute reads as follows:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

30.     On or about December 31, 2008, at approximately 7:02 a.m., Defendants recorded the following message on Plaintiff's telephone answering machine.

> Jennifer Nemec.  Russel Tensdale, senior legal adviser.  In accordance with state and federal law, Title 15 under the U.S. Code section subsection 802 to 814, I've been mandated to serve you under a Warrant of Summons concerning [phone ringing] legal action naming you a primary defendant.  All legal acquisitions will be called accountable per [phone ringing] federal and state law due to the binded information we have in front of us.  And, at this time Jennifer, I cannot disclose the nature of your business on the recorder due to confidentiality and third party disclosure and I would see to it on your behalf, make haste, return this phone call promptly and placing an urgency on your busy scheduled day, reaching me with any concerns with case and court docket filed under

NRC1447910, extension 8784. My direct line is 1-888-802-1170. I hope to hear from you before the first, which, I apologize, at that time, morning of the second, Fridays' date at 10:00 a.m. your time local, we'll have a warranted issuance to the Summons to appear for a calendar court date.

31.   At the same time Defendants were placing this message on Plaintiff's home answering machine, Plaintiff was preparing herself to go to work. Upon hearing this message being placed on her home answering machine, Plaintiff was shocked, horrified, scared, and extremely emotionally upset.

32.   Plaintiff was alone at home when she first heard this answering machine message and was horrified by it.

33.   This illegal collection call put Plaintiff in imminent fear that Defendants would physical confront Plaintiff at her home.

34.   This illegal collection call by Defendants caused Plaintiff great emotional distress and harm.

35.   This illegal collection call by Defendants caused Plaintiff to fear for her physical safety.

36.   After listening to the message, Plaintiff immediately called her Mother and replayed the answering machine message for her over the telephone. Plaintiff's Mother instructed her to call the Police and report the incident.

37.   Thereafter, Plaintiff called the local police department and reported the incident on the same day that the message was received.

38.   Plaintiff also called the District Attorney's office and reported the incident.

39.   Thereafter, on or about January 5, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

> This is a very important notice, and it is very private and confidential. This is not a sales or solicitation. You need to respond immediately. The number to this department is 1-888-802-1170. And the number 1-888-802-1170. When calling reference the case docket number involved, that being [beep] 144790.

40.  On or about January 7, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

> Hello, this is a required notice in accordance with state and federal regulations. This is not a sales or solicitation. Please be advised there is a formal Complaint in my department concerning someone associated with the property deeded at this address. Therefor, this residence has been labeled as the primary, third party, or emergency contact attached to the name and social security number [BEEP] of this individual. You need to contact this department as soon as possible at 1-888-802 [BEEP]1170. Again, one more time, the number is 1-888-802-1170. When calling in reference the case docket number involved, that being 144790.

41.  On or about February 17, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

> This message is in reference to a potential civil matter and is highly confidential. You need to respond accordingly to this department at 888-802-1170. Again this is very important that you respond to this number at 888-802-1170. Reference case number is [beep] 144790.

42.  On or about March 6, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

> In accordance with state and federal law, myself Mr. Russell Tinsdale, is conducting matters for an investigation attached to the name and social security number the above referenced matter. We would need a response immediately, upon receipt this message. Feel free to make contact at the offices of McMillan and Andrews toll free 1-888-802-1170. Please make reference to [beep] 144790.

43.  On or about April 16, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

> Good morning, in accordance with state and federal law, allow me to introduce myself, my name is Dale Berkwin, senior legal adviser, and senior analyst with the offices of McMillan and Andrews. I am in receipt of supported deposition that will here by render a decision in your behalf with your failure to respond accordingly. Our office is giving you an opportunity to choose the alternative. We strongly recommend you take

advantage of. All motions will be filed on or before the 24th of the month that we are in currently, of April. I suggest further courtesy of a return phone call, reaching me toll-free. 1-888-802-1170. Secured under case number [beep] 144790.

44.   On or about April 20, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

Good morning, in accordance with state and federal law, allow me to introduce myself, my name is Dale Berkwin, senior legal adviser, and senior analyst with the offices of McMillan and Andrews. I am in receipt of supported deposition that will here by render a decision in your behalf with your failure to respond accordingly. Our office is giving you an opportunity to choose the alternative. We strongly recommend you take advantage of. All motions will be filed on or before the 24th of the month that we are in currently, of April. I suggest further courtesy of a return phone call, reaching me toll-free. 1-888-802-1170. Secured under case number [beep] 144790.

45.   On or about April 22, 2009, Defendants recorded the following message on Plaintiff's telephone answering machine.

Good morning in accordance to state and federal law, Jennifer L. Nemec. This message is solely intended for you. All motions will be filed on or before the date of the 24th with the District Court to Summons you to a mandated court appearance concerning the conditions of a lawsuit filed and rendered. There all, there are some alternatives that our office is strongly recommending that you take advantage of at this particular juncture. Please feel free to reach me at 1-888-802-1170. Represented by case filed under docket with District Court NRC144790. My extension is 214 (inaudible) . . .

46.   On or about April 25, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

Hello, this is a required notice in accordance with state and federal regulations. This is not a sales or solicitation. This message is in reference to a potential civil matter and is private and confidential. You need to respond accordingly to this department at 1-888-802-1170. Reference the case number [beep] 144790.

47.   On or about April 30, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

This message serves as a Notice to Judgment filing. This formal petition or injunction is scheduled to be released through your local jurisdiction within the next 30 to 45 days. The named defendant attached to this Affidavit Complaint is being associated with this residence either as a primary, third party, or emergency contact. You need to respond

accordingly, or have your representing counsel contact this department within the next 48 hours in order to address this Complaint, and also to be informed of your rights and obligations. Again, at this time, you or your legal representation need to contact this department at 1-888-802-1170. When you call in, reference your case number involved [beep] 144790.

48.   On or about May 6, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

This is a formal notice in accordance with state and federal regulations and serves as a notice of a Judgment filing for named a defendant. Understand this residence was labeled as a third party, emergency, or priority contact for this individual. You need to respond accordingly or have your legal representation contact this department at 1-888-802-1170. Again the number, 888-802-1170. When calling, reference the case number involved [beep] 144790.

49.   On or about May 12, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

This residence has been labeled as a third party, emergency, or primary contact for an individual which this department is trying to get a hold of. The matter is private and confidential. You or your legal counsel need to respond accordingly to the number 1-888-802-1170. When calling in, reference the case number [beep] 144790.

50.   On or about May 13, 2009, at approximately 5:12 a.m., Defendants recorded the following automated message on Plaintiff's telephone answering machine.

This is a formal notice in accordance with state and federal regulations. Solomon and Rejurio has been retained and commissioned to file a civil injunction within your local judicial district, as well as file, a 1099-C with the Internal Revenue Service. You need to contact this department accordingly, at the number 1-888-248-4157. When calling reference the case number 144790.

51.   On or about May 18, 2009, Defendants recorded the following message on Plaintiff's telephone answering machine.

Jennifer Nemec, this is Samantha Smith calling from Financial Recovery Center. Its very important you call me back in reference to account number 48 [pause] 40852. Again, that number is 40852. I need you to call me back at 1-866-745. [pause] I'm sorry, its 1-866-748-7600. Again the number is 1-866-748-7600.

52.   On or about August 11, 2009, Defendants recorded the following message on

1    Plaintiff's telephone answering machine.

2        Good morning.  This message is intended for Jennifer Nemec.  Jennifer, this is Jean
3        Kendal calling on behalf of Mr. David Martelli here at the Law Offices of FRC.  We
         need to speak to yourself or your legal representation *immediately*.  This is in regards to
4        case number 40852.  Again, either yourself, or legal representation can return this call.
5        The number is 866-748-7600.  Just again, when calling, refer to your case number
         40852.

6        53.    On or about August 14, 2009, Defendants recorded the following message on
7
     Plaintiff's telephone answering machine.
8
9        This message is for Jennifer L. Nemec.  Ms. Nemec, my name is David Martelli.  I'm
         calling from the office of FRC's legal department, on behalf of Mark Lewis Attorney at
10       Law.  The phone number to reach me back to resolve this case is 1-866-945-8393.
         When calling refer to case number 40852.
11

12       54.    On or about September 16, 2009, at approximately 10:07 a.m., Defendants
13   recorded the following automated message on Plaintiff's telephone answering machine.

14       . . . number.  Please contact us effective immediately, at 1 [beep] 866-748-7600.  Again,
15       this is a very imperative matter surrounding your name and social security number.
         Direct number for contact, 1-866-748-7600. When calling, refer to extension 391.
16
17       55.    On or about September 16, 2009, at approximately 5:14 p.m., Defendants recorded
18   the following automated message on Plaintiff's telephone answering machine.

19       Please contact us effective immediately, at 1-866-748-7600.  Again, this is a very
20       imperative matter surrounding your name and social security number.  Direct number for
         contact, 1-866-748-7600.  When calling, refer to extension 391.
21
22       56.    On or about September 18, 2009, Defendants recorded the following automated
23   message on Plaintiff's telephone answering machine.

24       Please contact us effective immediately, at 1-866-748-7600.  Again, this is a very
25       imperative matter surrounding your name and social security number.  Direct number for
         contact, 1-866-748-7600.  When calling, refer to extension 391.
26       57.    On or about September 21, 2009, at approximately 9:22 a.m., Defendants recorded
27   the following automated message on Plaintiff's telephone answering machine.
28

1    . . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is
     a very imperative matter surrounding your name and social security number.   Direct
2    number for contact, 1-866-748-7600.  When calling, refer to extension 391.

3        58.    On or about September 21, 2009, at approximately 4:32 p.m., Defendants recorded

4    the following automated message on Plaintiff's telephone answering machine.

5
     Please contact us effective immediately, at 1-866-748-7600.   Again, this is a very
6    imperative matter surrounding your name and social security number.  Direct number for
     contact, 1-866-748-7600.  When calling, refer to extension 391.
7

8        59.    On or about September 22, 2009, Defendants recorded the following automated

9    message on Plaintiff's telephone answering machine.

10
     . . . 748-7600.  When calling, refer to extension 391.
11

12       60.    On or about September 24, 2009, Defendants recorded the following automated

13   message on Plaintiff's telephone answering machine.

14       . . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is
         a very imperative matter surrounding your name and social security number.   Direct
15       number for contact, 1-866-748-7600.  When calling, refer to extension 391.

16
         61.    On or about September 28, 2009, at approximately 9:44 a.m., Defendants recorded
17
     the following automated message on Plaintiff's telephone answering machine.
18

19       . . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is
         a very imperative matter surrounding your name and social security number.   Direct
20       number for contact, 1-866-748-7600.  When calling, refer to extension 391.

21       62.    On or about September 28, 2009, at approximately 1:21 p.m., Defendants recorded

22   the following automated message on Plaintiff's telephone answering machine.

23
         . . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is
24       a very imperative matter surrounding your name and social security number.   Direct
         number for contact, 1-866-748-7600.  When calling, refer to extension 391.
25

26       63.    On or about September 30, 2009, Defendants recorded the following automated

27   message on Plaintiff's telephone answering machine.

28

- 15 -
COMPLAINT

. . . number. Please contact us effective immediately, at 1-866-748-7600. Again, this is a very imperative matter surrounding your name and social security number. Direct number for contact, 1-866-748-7600. When calling, refer to extension 391.

64. On or about October 13, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . security number. Please contact us effective immediately, at 1-866-748-7600. Again, this is a very imperative matter surrounding your name and social security number. Direct number for contact, 1-866-748-7600. When calling, refer to extension 391.

65. On or about October 14, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . security number. Please contact us effective immediately, at 1-866-748-7600. Again, this is a very imperative matter surrounding your name and social security number. Direct number for contact, 1-866-748-7600. When calling, refer to extension 391.

66. On or about October 15, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . social security number. Please contact us effective immediately, at 1-866-748-7600. Again, this is a very imperative matter surrounding your name and social security number. Direct number for contact, 1-866-748-7600. When calling, refer to extension 391.

67. On or about October 16, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . number. Please contact us effective immediately, at 1-866-748-7600. Again, this is a very imperative matter surrounding your name and social security number. Direct number for contact, 1-866-748-7600. When calling, refer to extension 391.

68. On or about October 19, 2009, at approximately 10:19 a.m., Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . security number. Please contact us effective immediately, at 1-866-748-7600. Again, this is a very imperative matter surrounding your name and social security

number.  Direct number for contact, 1-866-748-7600.  When calling, refer to extension 391.

69.    On or about October 19, 2009, at approximately 4:07 p.m., Defendants recorded the following message on Plaintiff's telephone answering machine.

. . . in regards to a fraud case I'm about to be getting in my office.  It is imperative that either yourself or your attorney contacts my office immediately.  I can be reached toll-free, at 866-748-7600.  This is in regards to case number US40852.  Again Daniel, if I don't hear from you or your attorney I will be forced to make an involuntary legal decision on your behalf which may affect your wages, bank account, income tax, all properties that you do own.  Thank you.

70.    On or about October 20, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

We are making a *very* imperative attempt to contact you in regards to a matter surrounding your name and social security number.  Please contact us effective immediately at 1-866-748-7600.  Again, this is a very imperative matter surrounding your name and social security number.  Direct number for contact, 1-866-748-7600.  When calling refer to extension 391.

71.    On or about November 24, 2009, at approximately 9:16 a.m., Defendants recorded the following message on Plaintiff's telephone answering machine.

This message is for Jennifer Nemec.  This is Mr, O'Neill calling with Mark Lewis Law Firm.  We do have a very important message we need to speak to you in regards to. Please contact me back at 866-748-7600.  Thank you.

72.    On or about November 24, 2009, at approximately 11:05 a.m., Defendants recorded the following message on Plaintiff's telephone answering machine.

Yes.  This message is for Jennifer Nemec.  This is Mr. O'Neill calling from FRC.  We do have a very important matter we need to speak to you in regards to.  Please contact me back at 866-748-7600.  Thank you.

73.    On or about December 1, 2009, Defendants recorded the following message on Plaintiff's telephone answering machine.

This is solely intended for Jennifer, Jennifer Nemec.  If this is not Jennimer, em, uh Jennifer Nemec excuse me.  Please disregard this, ah, correspondence.  Ah, Ms. Nemec,

my name is Keith Cox, and I'm one of the paralegals at the Mark Lewis Law Firm. Um, I want to touch bases with you in regards to a pending Judgment here scheduled to be filed out of my office for Santa Clara County shortly. I don't like to catch people off guard with this type of matter, here, I do like to get involved in the incident before moving forward. If you want to give a formal statement here or discuss how we proceed at this point, ah, then Jennifer, I strongly recommend a return call immediately. My number is toll-free for you, its 866-748-7600. Again that's 866-748-7600. Give me a call. Let's get a dialog established, and then maybe we can get any misunderstanding here in the matter voluntarily rectified. Good day.

74.   On or about December 2, 2009, at approximately 12:34 p.m., Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . number. Please contact us effective immediately, at 1-866-748-7600. Again, this is a very imperative matter surrounding your name and social security number. Direct number for contact, 1-866-748-7600. When calling, refer to extension 391.

75.   On or about December 2, 2009, at approximately 5:09 p.m., Defendants recorded the following message on Plaintiff's cellular telephone voice mail.

Ah, yes. This message is solely intended for Jennifer, Jennifer Nemec. If this is not Jennifer Nemec, please disregard the correspondence. Ms. Nemec, my name is Keith Cox, and I'm with and, um, excuse me, I'm one of the paralegals here with the Mark Lewis Law Firm. I wanted to touch bases with you in an urgent regards to a matter that was scheduled to leave my office for Santa Clara County shortly. I've been actually retained here to move forward with filing a civil Judgment shortly. And I really don't like to catch people off guard. I've recently responded, Ms. Nemec. I like to get both ends of the incident. If you want to discuss how we proceed at this point, then I'd make a conscious effort to return this call immediately. My number Jennifer is toll-free 866-748-7600. Again that's 866-748-7600. Give me a call back. Let's get a dialog established, and then hopefully we can get this whole misunderstanding voluntarily rectified.

76.   On or about December 2, 2009, at approximately 5:09 p.m., Defendants recorded the following message on Plaintiff's telephone answering machine.

This is Dean (inaudible) Jennifer, Jennifer Nemec. If this is not Jennifer Nemec, please disregard the correspondence. Ms. Nemec, this is a subsequent message that is being left for you in regard to a pending Judgment that I'm scheduled to file out of Santa Clara County shortly. Now, I don't know if your not getting the messages, or you are just ignoring the correspondence. Unfortunately, either way, I've allotted the maximum amount of time that I can afford to resolve this matter amicable. I said responded in this particular case Ms. Nemec. If you want to discuss how we proceed at this time, well you

need to give me a call back or have your attorney call me directly.  I gave you a toll-free number previously, its 866-748-7600.  Again that's 866-748-7600.  Give me a call back.  Let's get a dialogue established, and lets see if we can get this misunderstanding voluntarily rectified.  Good day.

77.    On or about December 4, 2009, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is a very imperative matter surrounding your name and social security number.   Direct number for contact, 1-866-748-7600.  When calling, refer to extension 391.

78.    On or about December 7, 2009, at approximately 1:02 p.m., Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is a very imperative matter surrounding your name and social security number.   Direct number for contact, 1-866-748-7600.  When calling, refer to extension 391.

79.    On or about December 7, 2009, at approximately 7:14 p.m., Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is a very imperative matter surrounding your name and social security number.   Direct number for contact, 1-866-748-7600.  When calling, refer to extension 391.

80.    On or about December 8, 2009, at approximately 11:35 a.m., Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is a very imperative matter surrounding your name and social security number.   Direct number for contact, 1-866-748-7600.  When calling, refer to extension 391.

81.    On or about December 8, 2009, at approximately 4:51 p.m., Defendants recorded the following automated message on Plaintiff's telephone answering machine.

. . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is a very imperative matter surrounding your name and social security number.   Direct number for contact, 1-866-748-7600.  When calling, refer to extension 391.

82.    On or about December 9, 2009, Defendants recorded the following automated

1   message on Plaintiff's telephone answering machine.

2       . . . number.  Please contact us effective immediately, at 1-866-748-7600.  Again, this is
3   a very imperative matter surrounding your name and social security number.   Direct
    number for contact, 1-866-748-7600.  When calling, refer to extension 391.

4
5       83.   On or about December 16, 2009, Defendants recorded the following automated
6   message on Plaintiff's telephone answering machine.

7       We are making a very imperative attempt to contact you in regards to a matter
    surrounding your name and social security number.   Please contact us effective
8   immediately, at 1-866-748-7600.  Again, this is a very imperative matter surrounding
9   your name and social security number.   Direct number for contact, 1-866-748-7600.
    When calling refer to extension 391.

10
11      84.   On or about December 18, 2009, Defendants recorded the following automated
12  message on Plaintiff's telephone answering machine.

13      Please contact us effective immediately at 1-866-748-7600.   Again, this is a very
    imperative matter surrounding your name [beeps] and social security number.   Direct
14  number for contact, 1-866-748-7600.  When calling refer to extension 391.

15
16      85.   On or about December 21, 2009, Defendants recorded the following automated
    message on Plaintiff's telephone answering machine.
17
18      . . . security number.   Please contact us effective immediately, at 1-866-748-7600.
    Again, this is a very imperative matter surrounding your name and social security
19  number.  Direct number for contact, 1-866-748-7600.   When calling, refer to extension
    391.
20
21      86.   On or about December 28, 2009, Defendants recorded the following automated
22  message on Plaintiff's telephone answering machine.

23      Please contact us effective immediately at 1-866-748-7600.   Again, this is a very
    imperative matter surrounding your name and social security number.  Direct number for
24  contact, 1-866-748-7600.  When calling refer to extension 391.

25
        87.   Defendants made numerous calls to Plaintiff in addition to the telephone calls
26  detailed above.
27
28      88.   On information and belief, Defendants have a pattern, and practice of abusive and

unlawful collection practices similar to the above.

89.   Defendants' voice mail and answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

90.   Defendants failed to disclose Defendants' identity and the nature of Defendants' business in their voice mail and answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b).   *See Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

91.   Defendants failed to disclose that the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11).   *See Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

92.   Plaintiff is informed and believes, and thereon alleges that Defendants have not taken any legal action as threatened in their voice mail and answering machine messages.

93.   Plaintiff is informed and believes, and thereon alleges that Defendants did not intend to take any legal action when the voice mail and answering messages were recorded on Plaintiff's voice mail and answering machine.

94.   Defendants' answering voice mail and machine messages were designed to instill a false sense of urgency in the listener.

95.   Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

96.   Plaintiff is informed and believes, and thereon alleges that Defendants' voice mail and answering machine message misrepresented the role and involvement of legal counsel.

97.   Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy,

1    abuse or harass Plaintiff.

2         98.   Defendants caused Plaintiff's telephone to ring with such frequency as to be

3    unreasonable and constitute harassment to Plaintiff under the circumstances.

4         99.   As a consequence of Defendants' collection activities and communications,

5    Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional

6

7    distress, humiliation and embarrassment.

8                              **VII.  CLAIMS**

9                    **FAIR DEBT COLLECTION PRACTICES ACT**

10        100.   Plaintiff brings the first claim for relief against Defendants under the Federal Fair

11

12   Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

13        101.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

14   herein.

15        102.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

16   1692a(3).

17

18        103.   Defendant, FRCI, is a "debt collector" as that term is defined by the FDCPA, 15

19   U.S.C. § 1692a(6).

20        104.   Defendant, LARABA, is a "debt collector" as that term is defined by the

21   FDCPA, 15 U.S.C. § 1692a(6).

22        105.   Defendant, M&A, is a "debt collector" as that term is defined by the FDCPA, 15

23

24   U.S.C. § 1692a(6).

25        106.   Defendant, GARLOCK, is a "debt collector" as that term is defined by the

26   FDCPA, 15 U.S.C. § 1692a(6).

27        107.   Defendant, ENZINNA, is a "debt collector" as that term is defined by the

28

1  FDCPA, 15 U.S.C. § 1692a(6).

2      108.    Defendant, TATA, is a "debt collector" as that term is defined by the FDCPA, 15

3  U.S.C. § 1692a(6).

4      109.    Defendant, LEWIS, is a "debt collector" as that term is defined by the FDCPA,

5

6  15 U.S.C. § 1692a(6).

7      110.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is

8  defined by the FDCPA, 15 U.S.C. § 1692a(5).

9      111.    Defendants have violated the FDCPA.  The violations include, but are not limited

10 to, the following:

11

12          a.    Defendants engaged in conduct the natural consequence of which was to

13 harass, oppress, or abuse the Plaintiff, in violation of 15 U.S.C. § 1692d;

14          b.    Defendants caused Plaintiff's telephone to ring repeatedly or continuously

15 with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

16          c.    Defendants caused Plaintiff's telephone to ring with such frequency as to be

17

18 unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15

19 U.S.C. § 1692d(5);

20          d.    Defendants failed to disclose Defendants' identity and the nature of

21 Defendants' business, in violation of 15 U.S.C. § 1692d(6);

22          e.    Defendants falsely represented the character and legal status of the alleged

23

24 debt owed by Plaintiff, in violation of 15 U.S.C. § 1692e(2)(A);

25          f.    Defendants used false, deceptive or misleading representations in an attempt

26 to collect of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

27          g.    Defendants falsely represented the role and involvement of legal counsel, in

28

- 23 -
COMPLAINT

violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

h.   Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

i.   Defendants falsely represented or implied that nonpayment of the alleged debt could or would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, in violation of 15 U.S.C. § 1692e(4);

j.   Defendants falsely represented or implied that a lawsuit could or would be filed against Plaintiff to collect the debt, when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5);

k.   Defendants falsely represented or implied they could or would file a lawsuit against Plaintiff to collect the debt, in violation of 15 U.S.C. § 1692e(10);

l.   Defendants falsely represented threats of an imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10);

m.   Defendants designed their telephone messages to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

n.   Defendants failed to disclose that their telephone messages were from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

o.   Defendants failed to send Plaintiff a written validation notice within 5 days after Defendants' initial communication with Plaintiff in connection with collecting the alleged debt, in violation of 15 U.S.C. § 1692g(a).

112.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

113.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

114.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

115.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

116.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

117.    Defendant, FRCI, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

118.    Defendant, LARABA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

119.    Defendant, M&A, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

120.    Defendant, GARLOCK, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

121.    Defendant, ENZINNA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

122.    Defendant, TATA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

123.    Defendant, LEWIS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

124.    The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

125.    Defendants have violated the RFDCPA.   The violations include, but are not limited to, the following:

a.      Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff, in violation of in violation of Cal. Civil Code § 1788.17;[2]

b.      Defendants caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of Cal. Civil Code §§ 1788.11(d) and 1788.17;[3]

c.      Defendants caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of Cal. Civil Code §§ 1788.11(e) and 1788.17;[4]

d.      Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of Cal. Civil Code §§ 1788.11(b) and 1788.17;[5]

e.      Defendants falsely represented the character and legal status of the alleged debt owed by Plaintiff, in violation of Cal. Civil Code § 1788.17;[6]

f.      Defendants used false, deceptive or misleading representations in an attempt to collect of the alleged debt, in violation of Cal. Civil Code § 1788.17;[7]

g.      Defendants falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(c), 1788.13(i) and 1788.17;[8]

---

[2] 15 U.S.C. § 1692d.
[3] 15 U.S.C. § 1692d(5).
[4] 15 U.S.C. § 1692d(5).
[5] 15 U.S.C. § 1692d(6).
[6] 15 U.S.C. § 1692e(2)(A).
[7] 15 U.S.C. §§ 1692e and 1692e(10).
[8] 15 U.S.C. §§ 1692e(3) and 1692e(10).

h.   Defendants misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(c), 1788.13(i) and 1788.17;[9]

i.   Defendants falsely represented or implied that nonpayment of the alleged debt could or would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, in violation of Cal. Civil Code §§ 1788.10(e) and 1788.17;[10]

j.   Defendants falsely represented or implied that a lawsuit could or would be filed against Plaintiff to collect the debt, when Defendants did not intend to actually file such a lawsuit, in violation of Cal. Civil Code §§ 1788.13(j) and 1788.17;[11]

k.   Defendants falsely represented or implied they could or would file a lawsuit against Plaintiff to collect the debt, in violation of Cal. Civil Code §§ 1788.13(j) and 1788.17;[12]

l.   Defendants falsely represented threats of an imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.13(j) and 1788.17;[13]

m.   Defendants designed their telephone messages to instill a false sense of urgency in the listener, in violation of Cal. Civil Code § 1788.17;[14]

n.   Defendants failed to disclose that their telephone messages were from a debt collector, in violation of Cal. Civil Code §§ 1788.11(b) and 1788.17;[15] and

o.   Defendants failed to send Plaintiff a written validation notice within 5 days after Defendants' initial communication with Plaintiff in connection with collecting the alleged debt, in violation of Cal. Civil Code § 1788.17.[16]

126.   Defendants' acts as described above were done willfully and knowingly with the

---

[9] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[10] 15 U.S.C. § 1692e(4).
[11] 15 U.S.C. § 1692e(5).
[12] 15 U.S.C. § 1692e(10).
[13] 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).
[14] 15 U.S.C. §§ 1692e and 1692e(10).
[15] 15 U.S.C. § 1692e(11).
[16] 15 U.S.C. § 1692g(a).

purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

127.  As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

128.  As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

129.  As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to Cal. Civil Code § 1788.17.[17]

130.  As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[18]

131.  Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### CALIFORNIA CONSUMER COLLECTION NOTICE

132.  Plaintiff brings the third claim for relief against Defendants under Cal. Civil Code §§ 1812.700-1812.702.

133.  Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

134.  Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

---

[17] 15 U.S.C.§ 1692k(a)(2)(A).
[18] 15 U.S.C.§ 1692k(a)(3).

- 28 -
COMPLAINT

1788.2(h).

135.    Defendant, FRCI, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

136.    Defendant, LARABA, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

137.    Defendant, M&A, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

138.    Defendant, GARLOCK, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

139.    Defendant, ENZINNA, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

140.    Defendant, TATA, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

141.    Defendant, LEWIS, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

142.    The financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

143.    Defendants failed to provide Plaintiff the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a).

144.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

145. As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1812.702.[19]

146. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages pursuant to Cal. Civil Code § 1812.702.[20]

147. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1812.702.[21]

148. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.17 and 1788.30(c) are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

### INTRUSION UPON SECLUSION

149. Plaintiff brings the fourth claim for relief against Defendants for common law Intrusion Upon Seclusion.

150. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

151. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion and private concerns or affairs while in her home.

152. Defendant intentionally intruded into Plaintiff's work and home by using an automated device which repeatedly caused Plaintiff's telephones to ring.

153. Defendants intentionally intruded and invaded into Plaintiff's private affairs by:

---

[19] Cal. Civil Code § 1788.30(b).
[20] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[21] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

a.   repeatedly placing threatening messages on Plaintiff's cellular telephone voice mail and home answering machine;

b.   threatening Plaintiff with a "fraud case";

c.   threatening Plaintiff that would be reported to the Internal Revenue Service;

d.   threatening Plaintiff with an imminent lawsuit;

e.   threatening Plaintiff with garnishment of her wages;

f.   threatening Plaintiff with the levy of her bank account;

g.   threatening Plaintiff with the seizure of her income tax refunds; and

h.   threatening Plaintiff with seizure of all her property.

154.   Defendants' intrusions and invasions of Plaintiff's privacy were done in an attempt to embarrass, shame and humiliate Plaintiff into paying the alleged debt.

155.   These intrusions and invasions of Plaintiff's privacy by Defendants occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

156.   Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt thereby invading and intruding upon Plaintiff's right to privacy, solitude and seclusion.

157.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

158.   Plaintiff has been harmed by Defendants' invasion of privacy and has been damaged as a result of the invasion of privacy by Defendants, including but not limited to: mental suffering, emotional distress, loss of sleep, loss of appetite, loss of enjoyment of life, feelings of worthlessness, feelings of hopelessness, frustration, anguish, fright, humiliation, family strife, stress, nausea, headaches, stomach ulcers, lack of concentration, anxiety, worry, shame and embarrassment by such invasions of her privacy by these Defendants.

159.   As a result of such intrusions and invasions, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

160.   Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

161.   Plaintiff brings the fifth claim for relief against Defendants for common law negligent infliction of emotional distress.

162.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

163.   Defendants had a legal duty to conform their collection activities to the standard of conduct set forth in the FDCPA and RFDCPA to protect consumers like the Plaintiff.

164.   Defendants failed to conform their collection activities to this standard of conduct.

165.   Defendants' failure to conform their collection activities to the standards set forth in the FDCPA and RFDCPA was the proximate or legal cause of the resulting injuries to Plaintiff.

166.   Plaintiff suffered serious emotional distress as a result of Defendants' unlawful collection activities including, but not limited to, mental suffering, emotional distress, loss of sleep, loss of appetite, loss of enjoyment of life, feelings of worthlessness, feelings of hopelessness, frustration, anguish, fright, humiliation, family strife, stress, nausea, headaches, stomach ulcers, lack of concentration, anxiety, worry, shame and embarrassment.  The emotional distress suffered by Plaintiff was such that an ordinary, reasonable person would be unable to cope with it.

167.   As a result of such negligent infliction of emotional distress, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

168.   Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

## NEGLIGENT COLLECTION

169.   Plaintiff brings the sixth claim for relief against all Defendants for common law negligence.

170.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

171.   Defendants had a legal duty to conform their collection activities to the standard of conduct set forth in the FDCPA and RFDCPA to protect consumers like the Plaintiff.

172.   Defendants failed to conform their collection activities to this standard of conduct.

173.   Defendants' failure to conform their collection activities to the standards set forth in the FDCPA and RFDCPA was the proximate or legal cause of the resulting injuries to Plaintiff.

174.   Plaintiff was damaged by Defendants' unlawful collection activities.

175.   As a result of such negligent collection, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

176.   Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and

1    punish Defendants.

2                              **NEGLIGENT TRAINING**

3            177.   Plaintiff brings the seventh claim for relief against all Defendants for common

4    law negligent training.

5            178.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

6

7    herein.

8            179.   Defendants owed Plaintiff a duty of reasonable care to train their employees and

9    agents to comply with all applicable laws, rules and/or regulations and in accordance with professional,

10   industry-wide best practices standards.  These laws, rules, regulations and industry-wide best practices

11

12   standards were enacted to protect individuals such as Plaintiff.

13           180.   Defendants breached their duty to Plaintiff by failing to train their employees and

14   agents adequately to conduct themselves within the law and by allowing their employees and agents to

15   operate without such adequate training.  Moreover, Defendants' conduct fell below the standard of care

16
     as they trained and/or actively encouraged their employees and agents to act in violation of applicable
17
     laws, rules, and/or regulations and professional industry-wide best practices standards.  Defendants
18
19   failed to take reasonable steps to protect Plaintiff, even though they knew or had reason to know that

20   their failure to adequately train their employees and/or agents would result in harm to Plaintiff.

21           181.   As a result of Defendants' negligent training of their agents and employees,

22   Plaintiff has sustained damages in an amount to be proven at trial.

23
             182.   Defendants' conduct as alleged herein was a substantial factor in causing the
24
25   damages sustained by Plaintiff, and as a direct, proximate and legal result of the above alleged

26   negligent training, Plaintiff has suffered and will continue to suffer damages in an amount to be proven

27   at trial, including, but not limited to, damages for loss of property and money, and damages for

28

emotional distress.

183.    Plaintiff is informed and believes, and thereon alleges that Defendants were guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants.

## NEGLIGENT SUPERVISION

184.    Plaintiff brings the eighth claim for relief against all Defendants for common law negligent supervision.

185.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

186.    Defendants owed Plaintiff a duty of reasonable care that required Defendants to supervise and ensure that their employees and agents complied with all applicable laws, rules and regulations and in accordance with professional, industry-wide best practices standards.  These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiff.  Defendants knew or had reason to know that their employees and agents posed a reasonably foreseeable threat to Plaintiff absent adequate supervision, control or regulation.

187.    Defendants breached their duty to Plaintiff by failing to adequately and properly supervise, control or regulate their employees and agents to preclude them from engaging in the unlawful conduct described herein, or otherwise to take reasonable steps to protect Plaintiff.

188.    As a result of Defendants' negligent supervision of their agents and employees, Plaintiff has sustained damages in an amount to be proven at trial.

189.    Defendants' conduct as alleged herein was a substantial factor in causing the damages sustained by Plaintiff, and as a direct, proximate and legal result of the above alleged

1 negligent supervision, Plaintiff has suffered and will continue to suffer damages in an amount to be

2 proven at trial, including, but not limited to, damages for loss of property and money, and damages for

3 emotional distress.

4       190.    Plaintiff is informed and believes, and thereon alleges that Defendants were

5

6 guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate

7 Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and

8 punish Defendants.

9 **TORT-IN-SE**

10       191.    Plaintiff brings the ninth claim for relief against all Defendants for common law

11

12 tort-in-se.

13       192.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

14 herein.

15       193.    Defendants violated a statutory duty to Plaintiff and is thereby liable under the

16

17 doctrine of "tort-in-se."

18       194.    Defendants engaged in an unlawful course of conduct in violation of the FDCPA

19 and RFDCPA.

20       195.    Plaintiff was damaged by Defendants' breach of their statutory duties.

21       196.    As a result of such statutory breach, Plaintiff is entitled to actual damages and

22 punitive damages in an amount to be determined at trial.

23       197.    Plaintiff is informed and believes, and thereon alleges that Defendants were

24

25 guilty of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate

26 Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and

27 punish Defendants.

28

## PUNITIVE DAMAGES

198.    Plaintiff is informed and believes, and thereon alleges that Defendants' conduct was fraudulent, malicious, despicable and oppressive and was intended to harm Plaintiff.

199.    Plaintiff is informed and believes, and thereon alleges that an officer, director or managing agent of the Defendants authorized, approved and ratified Defendants' wrongful and unlawful acts described herein.

200.    Defendants are liable for reasonable punitive damages in an amount sufficient to punish and educate Defendants and to educate other businesses engaged in similar activities that the courts and juries of California will not tolerate such conduct in California.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11) and 1692g(a);

c)  Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.10(c), 1788.11(b), 1788.11(d), 1788.11(e), 1788.13(c), 1788.13(i), 1788.13(j) and 1788.17;

d)  Declare that Defendants violated Cal. Civil Code § 1812.700(a);

e)  Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

f)  Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

g) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

h) Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17;[22]

i) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1812.702;[23]

j) Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1812.702;[24]

k) Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' invasions of Plaintiff's privacy;

l) Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent infliction of emotional distress;

m) Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent collection practices;

n) Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent training;

o) Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent supervision;

p) Award Plaintiff actual damages and punitive damages in an amount to be determined at trial under the doctrine of "tort-in-se";

q) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[25] and 1788.30(c); and

---

[22] 15 U.S.C. § 1692k(a)(2)(A).
[23] Cal. Civil Code § 1788.30(b).
[24] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[25] 15 U.S.C. § 1692k(a)(3).

1    r)  Award Plaintiff such other and further relief as may be just and proper.

2

3                              CONSUMER LAW CENTER, INC.

4

5                              By: /s/ Fred W. Schwinn
                              Fred W. Schwinn (SBN 225575)

6                              CONSUMER LAW CENTER, INC.
                              12 South First Street, Suite 1014

7                              San Jose, California 95113-2418
                              Telephone Number: (408) 294-6100

8                              Facsimile Number: (408) 294-6190
                              Email Address: fred.schwinn@sjconsumerlaw.com

9

10                            Attorney for Plaintiff
                            JENNIFER LYNN NEMEC

11

12              **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

13

14      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

15 parties, there is no such interest to report.

16                              /s/ Fred W. Schwinn

17                              Fred W. Schwinn, Esq.

18                         **DEMAND FOR JURY TRIAL**

19

20      PLEASE TAKE NOTICE that Plaintiff, JENNIFER LYNN NEMEC, hereby demands a trial by

21 jury of all triable issues of fact in the above-captioned case.

22

23                              /s/ Fred W. Schwinn
                              Fred W. Schwinn, Esq.

24

25

26

27

28