June D. Coleman - 191890
Darrell W. Spence - 248011
ELLIS, COLEMAN, POIRIER, LAVOIE,
 & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
jcoleman@ecplslaw.com
dspence@ecplslaw.com

Attorneys for Defendants FINANCIAL RECOVERY, INC., TODD LARABA AND MARK LEWIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER LYNN NEMEC,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY CENTER, INC., a New York Corporation; TODD O. LARABA, individually and in his official capacity; McMILLIAN & ANDREWS, LLC aka McMILLIAN, ANDREWS AND ASSOCIATES, LLC, a business entity of unknown type; DAVID F. GARLOCK, individually and in his official capacity; MICHAEL D. ENZINNA, individually and in his official capacity; JUSTIN J. TATA, AKA JOSEPH J. ROMANO, individually and in his official capacity; MARK E. LEWIS, individually and in his official capacity; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: C 09-06101 PVT<br><br>**DEFENDANTS FINANCIAL RECOVERY, INC., TODD LARABA AND MARK LEWIS' RESPONSES TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendants FINANCIAL RECOVERY, INC., TODD LARABA AND MARK LEWIS ("Defendants") hereby respond to Plaintiff JENNIFER LYNN NEMEC ("Plaintiff") Complaint.

1.  As to Paragraphs 1, 100, 131-132, 149, 161, 169, 177, 184, and 191, these paragraphs do not contain matters that need to be admitted or denied by Defendant.

2.  As to Paragraphs 2, 7, 19, 21-23, 25, 104, 111-113, 118, 123, 125-130, 136, 144-148, 151-160, 163-168, 171-176, 179-183, 186-190, and 193-200, these responding Defendants deny these

-1-

DEFENDANTS FINANCIAL RECOVERY, INC., TODD LARABA AND MARK LEWIS' RESPONSES TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

allegations.

3. As to Paragraph 3, the allegations appear to accurately reflect the statutory language regarding the state of collection activity upon the FDCPA's inception in the 1970s.

4. As to Paragraph 4, these responding Defendants deny that Plaintiff suffered actual damages, and deny liability, but admit that the quoted language is from the statute noted, as enacted in the 1970s.

5. As to Paragraph 5, these responding Defendants deny that Plaintiff suffered any actual damages, and that these responding Defendants have any liability.

6. As to Paragraph 6, these responding Defendants do not contest this Court's federal subject jurisdiction, but deny that supplemental jurisdiction over the state law claim is appropriate.

7. As to Paragraphs 8-9, at this time these responding Defendants do not contest venue or assigning this matter to the San Jose Division.

8. As to Paragraphs 10, 13-16, 18, 27, 102, 105-108, 110, 114, 116, 119-122, 124, 134, 137-140, and 142, these responding Defendants lack sufficient information to admit or deny these allegations, and on that basis, deny these allegations.

9. As to Paragraphs 11, these responding Defendants deny the allegations regarding where FRCI can be served, as it is represented by counsel and cannot be served as noted. As to the remaining allegations, these responding Defendants admit these allegations.

10. As to Paragraphs 12, these responding Defendants deny the allegations regarding where Mr. Laraba can be served, as he is represented by counsel and cannot be served as noted. These responding Defendants also deny that Mr. Laraba is a debt collector under the FDCPA or the Rosenthal FDCPA. These responding Defendants also deny that Mr. Laraba is liable for the acts of FRCI as claimed in the Complaint because Mr. Laraba did not set or approve the FRCA collection policies, practices, procedures at issue in the lawsuit, nor did he direct the alleged activities described in the Complaint. As to the remaining allegations, these responding Defendants admit these allegations.

11. As to Paragraphs 17, these responding Defendants deny the allegations regarding where Mr. Lewis can be served, as he is represented by counsel and cannot be served as noted. These

-2-

DEFENDANTS FINANCIAL RECOVERY, INC., TODD LARABA AND MARK LEWIS' RESPONSES TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

responding Defendants also deny that Mr. Lewis is a debt collector as defined by Cal. Civil Code § 1788.2(c), which specifically excludes attorneys. As to the remaining allegations, these responding Defendants admit these allegations.

12. As to Paragraph 20, these responding Defendants deny responsibility and liability as to the allegations in this complaint. As to the remaining allegations, these responding Defendants lack sufficient knowledge to admit or deny the remaining allegations, and on that basis, deny them.

13. As to Paragraph 24, these responding Defendants admit that FRCI acted through its employees, but denies that its employees did the acts alleged as set forth in the Complaint, and if they did so act, such conduct was outside the scope of their employment. These responding Defendants deny the allegations in Paragraph 24 as to Mr. Lewis and Mr. Laraba. These responding Defendants lack sufficient information t admit or deny the remaining allegations, and on that basis, deny them.

14. As to Paragraph 26, these responding Defendants are informed and believe that Plaintiff owed the debt in question, and on that basis admit this allegation. These responding Defendants lack sufficient information to admit or deny the remaining averments, and on that basis deny them.

15. As to Paragraphs 28, 30-51, 53-58, 60-68, 70-72, 74, and 77-99, these responding Defendants deny the allegations as they pertain to these responding defendants, but these responding Defendants lack sufficient information to admit or deny these allegations as they relate to the other defendants, and on that basis, deny them.

16. As to Paragraphs 29 and 143, these responding Defendants admit the allegations as they pertain to FRCI, but deny them as to Mr. Lewis and Mr. Laraba. These responding Defendants lack sufficient information to admit or deny these allegations as they relate to the other defendants, and on that basis, deny them.

17. As to Paragraph 52, these responding Defendants admit that FRCI placed a telephone call to Ms. Nemec on August 11, 2009, and left a message, but deny the remaining allegations as to these responding Defendants. These responding Defendants lack sufficient information to admit or deny the allegations as they relate to the other defendants, and on that basis, deny them.

18. As to Paragraph 59, these responding Defendants admit that FRCI placed a telephone call to Ms. Nemec on September 22, 2009, and left a message, but deny the remaining allegations as to

-3-

these responding Defendants. These responding Defendants lack sufficient information to admit or deny the allegations as they relate to the other defendants, and on that basis, deny them.

19. As to Paragraph 69, these responding Defendants admit that FRCI placed a telephone call to Ms. Nemec on October 19, 2009, at approximately 7:08 p.m. EST, and left a message, but deny the remaining allegations as to these responding Defendants. These responding Defendants lack sufficient information to admit or deny the allegations as they relate to the other defendants, and on that basis, deny them.

20. As to Paragraph 73, these responding Defendants admit that FRCI placed a telephone call to Ms. Nemec on December 1, 2009, and left a message, but deny the remaining allegations as to these responding Defendants. These responding Defendants lack sufficient information to admit or deny the allegations as they relate to the other defendants, and on that basis, deny them.

21. As to Paragraph 75, these responding Defendants admit that FRCI placed a telephone call to Ms. Nemec on December 2, 2009, at approximately 8:09 p.m. EST, and left a message. These responding defendants lack sufficient information to admit or deny whether the telephone number was a cell phone number. These responding defendants deny the remaining allegations as to these responding Defendants. These responding Defendants lack sufficient information to admit or deny the allegations as they relate to the other defendants, and on that basis, deny them.

22. As to Paragraph 76, these responding Defendants admit that FRCI placed a telephone call to Ms. Nemec on December 2, 2009, at approximately 8:09 p.m. EST, and left a message, but deny the remaining allegations as to these responding Defendants. These responding Defendants lack sufficient information to admit or deny the allegations as they relate to the other defendants, and on that basis, deny them.

23. As to Paragraph 101, these responding Defendants incorporate and repeat their responses to all of the foregoing paragraphs as if set forth in full herein.

24. As to Paragraphs 103, 117, and 135, these responding Defendants admit the allegations.

25. As to Paragraphs 109 and 141, these responding Defendants admit that Mr. Lewis is a debt collector, but deny that he did any debt collection in this.

26. As to Paragraph 115, these responding Defendants incorporate and repeat their

-4-

1  responses to all of the foregoing paragraphs as if set forth in full herein.

2        27.    As to Paragraph 133, these responding Defendants incorporate and repeat their responses to all of the foregoing paragraphs as if set forth in full herein.

      28.    As to Paragraph 150, these responding Defendants incorporate and repeat their responses to all of the foregoing paragraphs as if set forth in full herein.

      29.    As to Paragraph 162, these responding Defendants incorporate and repeat their responses to all of the foregoing paragraphs as if set forth in full herein.

      30.    As to Paragraph 170, these responding Defendants incorporate and repeat their responses to all of the foregoing paragraphs as if set forth in full herein.

      31.    As to Paragraph 178, these responding Defendants incorporate and repeat their responses to all of the foregoing paragraphs as if set forth in full herein.

      32.    As to Paragraph 185, these responding Defendants incorporate and repeat their responses to all of the foregoing paragraphs as if set forth in full herein.

      33.    As to Paragraph 192, these responding Defendants incorporate and repeat their responses to all of the foregoing paragraphs as if set forth in full herein.

Pursuant to Federal Rule of Civil Procedure 8(c), these responding Defendants set forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

34.    Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

35.    These responding Defendants are informed and believe and thereon allege that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

36.    These responding Defendants are informed and believe and thereon allege that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or

-5-

contributed to his injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

37. These responding Defendants allege that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, and/or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against these responding Defendants should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

38. These responding Defendants are informed and believe and thereon allege that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

39. These responding Defendants allege that all its actions were taken in good faith and with a reasonable belief that such actions legal, appropriate and necessary.

### SEVENTH AFFIRMATIVE DEFENSE

40. As a separate affirmative defense to the complaint on file herein, and to each alleged cause of action contained therein, Defendants allege that Plaintiff is not entitled to punitive damages because the same are unconstitutional and violate the Eighth Amendment, constitute a denial of equal protection, and violate these responding Defendants' rights to due process.

### EIGHTH AFFIRMATIVE DEFENSE

41. These responding Defendants allege that they have no civil liability under the Rosenthal FDCPA, pursuant to California Civil Code § 1788.30(e), as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### NINTH AFFIRMATIVE DEFENSE

42. These responding Defendants allege that any representations or statements alleged to have been made by these responding Defendants were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

-6-

### TENTH AFFIRMATIVE DEFENSE

43. These responding Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred by the immunities embodied either in California Civil Code § 47(c), or arising under federal and state common law.

### ELEVENTH AFFIRMATIVE DEFENSE

44. These responding Defendants allege that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

### TWELTH AFFIRMATIVE DEFENSE

45. These responding Defendants are informed and believe and thereon allege that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

46. These responding Defendants allege that the amounts (including any interest, fee, charge, or expense incidental to the obligation) stated in any communication made to Plaintiff were actually owed.

### FOURTEENTH AFFIRMATIVE DEFENSE

47. Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

48. Plaintiff's Complaint (and the causes of action alleged therein) is barred by the doctrines of waiver and/or estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

49. These responding Defendants allege that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendants' actions were taken in reasonable reliance upon information provided by its client pursuant to *Ducrest v. Alco Collections, Inc.* (M.D. La. 1999) 931 F.Supp. 459, 462, and *Hulse v. Ocwin* (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

### SEVENTHEENTH AFFIRMATIVE DEFENSE

50. These responding Defendants hereby allege the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, contributory negligence, offset, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to join an indispensable party, release, laches, and abatement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

51. These responding Defendants presently have insufficient knowledge of information on which to form a belief as to whether these responding Defendants may have additional, as yet unstated, defenses available. These responding Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, these responding Defendants pray for:

1. That Plaintiff takes nothing from these responding Defendants by this Complaint;
2. That these responding Defendants be awarded judgment in this action;
3. For attorneys' fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: March 15, 2010

        ELLIS, COLEMAN, POIRIER, LAVOIE, &
        STEINHEIMER LLP


By  /s June D. Coleman
    June D. Coleman
    Attorney for Defendants
    FINANCIAL RECOVERY, INC., TODD LARABA
    AND MARK LEWIS

## REQUEST FOR JURY TRIAL

Defendants FINANCIAL RECOVERY, INC., TODD LARABA AND MARK LEWIS hereby demand a jury trial in this matter.

Dated: March 15, 2010

        ELLIS, COLEMAN, POIRIER, LAVOIE, &
        STEINHEIMER LLP


        By   /s June D. Coleman
            June D. Coleman
            Attorney for Defendants
            FINANCIAL RECOVERY, INC., TODD LARABA AND MARK LEWIS.

-9-

DEFENDANTS FINANCIAL RECOVERY, INC., TODD LARABA AND MARK LEWIS' RESPONSES TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

# CERTIFICATE OF SERVICE

I, Sharon Silva, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On March 15, 2010, I served the following document(s) on the parties in the within action:

**DEFENDANTS FINANCIAL RECOVERY, INC., TODO LARABA AND MARK LEWIS' RESPONSES TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Fred W. Schwinn<br>Consumer Law Center, Inc.<br>12 South First Street<br>Suite 1014<br>San Jose, CA 95113-2404 | Attorneys for Plaintiff<br>Jennifer L. Nemec |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on March 15, 2010.

By _____
Sharon Silva