UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER LYNN NEMEC,<br><br>                Plaintiff,<br>   v.<br><br>FINANCIAL RECOVERY CENTER, INC., ET AL.,<br><br>                Defendants. | Case No.: 09-CV-6101-LHK<br><br>ORDER DENYING MOTION TO POSTPONE MEDIATION<br><br>(re: docket #48) |

Presently before the Court is a request by Defendant McMillan and Andrews, LLC ("McMillan") to postpone Mediation currently set for August 27, 2010. For the reasons discussed below, this motion is DENIED.

In an Order dated April 8, 2010, the Honorable James Ware granted the parties' request to refer this case to mediation. The parties were to complete mediation by July 7, 2010. That deadline was then extended, by joint stipulation and Order, to September 5, 2010. On July 12, 2010, a Mediation Hearing was scheduled for August 27, 2010.

1

Case No.: 09-CV-06101-LHK
ORDER DENYING MOTION TO POSTPONE MEDIATION

McMillan's motion to postpone the mediation is untimely.  Pursuant to this Court's ADR Local Rule 6-5, "requests for the extension of the deadline for conducting a mediation must be made no later than 15 days before the session is to be held."  In the instant matter, McMillan filed the pending motion on August 18, 2010, a mere 9 days before the scheduled mediation session, in violation of the ADR Local Rule.  McMillan argues that the August 27, 2010 mediation session should be postponed due to a "newly discovered conflict of interest" between counsel for Defendant Financial Recovery, Inc. ("FRC") and McMillan.  According to McMillan, Counsel June Coleman represents FRC in the current Fair Debt Collection Practices Act ("FDCPA") case, and also represents McMillan in a FDCPA case in the Central District of California.  On June 14, 2010, Judge Ware granted a motion to substitute Ms. Coleman as attorney for FRC and other individual Defendants in this matter.

McMillan claims there is a "clear conflict of interest" in this matter, but only makes a vague reference to the California Rules of Professional Conduct and provides no case law support.  Rule 3-310 provides that an attorney must obtain written consent to represent a client in one matter whose interests are adverse to a client in another matter.[1]  The "Discussion" to the Rule states that "Rule 3-310 is not intended to prohibit a member from representing parties having antagonistic positions on the same legal question that has arisen in different cases, unless representation of either client would be adversely affected."

---

[1] Rule 3-310(B) states: "A member shall not accept or continue representation of a client without providing <u>written disclosure</u> to the client where: (1) The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter.  Cal. Rule of Prof. Conduct § 3-310(B)(1)).  Rule 3-310(C) states: " A member shall not, without the informed written consent of each client: . . . (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter." Cal. Rule of Prof. Conduct §3-310(C)(3).  Rule 3-310 appears to contemplate that the "member" with a conflict of interest shall not continue representation, yet here, the counsel in question, Ms. Coleman, did not bring the motion or provide a declaration in support of the motion.

2

Case No.: 09-CV-06101-LHK
ORDER DENYING MOTION TO POSTPONE MEDIATION

1  McMillan has not claimed that FRC's position in this matter is antagonistic to McMillan's position in this FDCPA case, in which both FRC and McMillan are co-Defendants.  Nor has McMillan claimed that FRC's position in this matter is antagonistic to McMillan's defense of the FDCPA case against a different plaintiff in the Central District of California.  McMillan has also not shown how its interests will be adversely affected by Ms. Coleman's representation of FRC in a confidential mediation session.

Accordingly, McMillan's Motion to Postpone the Mediation is DENIED.

**IT IS SO ORDERED.**

Dated: August 24, 2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge