# EXHIBIT "1"

## MUTUAL RELEASE OF EXISTING CLAIMS

1.     JENNIFER NEMEC ("PLAINTIFF") and DEFENDANTS DAVID
GARLOCK, JUSTIN TATA, MCMILLEN AND ANDREWS ("DEFENDANTS")
hereby fully release relinquish and discharge, each other in this from all rights, claims
and actions they now have against each other arising from any obligation, liability, claim
or damages arising out of collection efforts made by Defendants, or the alleged
underlying debt DEFENDANTS were attempting to collect as referenced in the lawsuit
of *Nemec v. Financial Recovery Center, et al.*, case number C09-6101 LHK, in the U.S.
District Court, Northern District of California, San Jose Division. Defendants will delete
any credit report trade-lines that reference this account. The underlying account
DEFENDANTS were allegedly attempting to collect will be removed from their
database, destroyed and not sold or transferred to another entity.

2. DEFENDANTS above shall pay the total sum of thirty-thousand $30,000,
made payable to "Consumer Law Center, Inc.", (and use Tax I.D. # 34-1987104 to issue
a Form 1099 to "Consumer Law Center, Inc." for the settlement amount), with checks
dated and for the amounts indicated below, all delivered by overnight mail to be received
on Wednesday, September 29, 2010.  The post-dated check payments shall be as follows:

    __$10,000_____ dated **October 15, 2010**.

    __$5,000_____ dated **November 15, 2010**.

    __$5,000_____ dated **December 15, 2010**.

    __$5,000_____ dated **January 15, 2010**.

    __$5,000_____ dated **February 15, 2010**.

3. If the first check above does not clear the parties shall be restored to their
respective positions and the litigation shall continue.

4. After all checks above clear PLAINTIFF'S counsel shall dismiss the current
action, case number C09-06101 LHK, in the Northern District of California (San
Jose Division), with prejudice as to DEFENDANTS above and to all other named
Defendants including but not limited to Michael Enzinna.

5.    Payments received by PLAINTIFF shall be held in trust until the funds from the other settling defendants have cleared PLAINTIFF'S trust account, and the case against the other defendants, has been dismissed.

6. PLAINTIFF has entered into an agreement with the other defendants herein. In the event the settlement funds from the other Defendants (Financial Recovery et al.) do not clear the bank by October 14, 2010, the parties to this agreement agree that a good faith settlement agreement will be filed with respect to DEFENDANTS above pursuant to Cal Civ Code §877 et seq. DEFENDANTS above will draft and file the motion for good faith settlement within 7 days of a default by the other defendants. In the event the other Defendants due breach all funds received by the DEFENDANTS above (McMillan et al). will be held in PLAINTIFF'S trust account until the good faith settlement is approved by the court. In the event the Court denies the good faith settlement the funds in trust shall be returned, and the parties shall be restored to their respective positions and the litigation shall proceed.

This **Mutual Release must be signed by DEFENDANT'S counsel and received by PLAINTIFF via fax by 5:30 p.m., Friday, September 24, 2010, <u>AND</u> signed by all parties identified above, and PLAINTIFF'S counsel and received via fax by DEFENDANT'S counsel by 3:00 p.m., Monday, September 27, 2010, or the agreement is void.**

7. There is no admission of liability by either party.

8. This release shall be governed by and construed in accordance with the laws of the State of California applicable to contracts made and wholly to be performed within the State of California.

9. The parties acknowledge that they have had the opportunity to read and review this agreement with legal counsel and are familiar with the provisions of the California Civil Code Section 1542 that provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH A PARTY CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST

HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE OTHER
PARTY.

THE PARTIES BEING AWARE OF THIS CODE SECTION, HEREBY
EXPRESSLY WAIVE ANY RIGHTS OR BENEFITS THAT THEY MAY
HAVE THERE UNDER, AS WELL AS ANY OTHER STATUTES OR
COMMON LAW PRINCIPLES WITH SIMILAR EFFECTS, and as a further
consideration and inducement for this Agreement, expressly agree that it shall
apply to all unknown and unanticipated losses or damages which may hereafter be
claimed by the undersigned as well as those known by the undersigned, in regards
to acts committed before the execution of this document.

## CONDITIONS OF EXECUTION

11. The parties acknowledge, agree, and warrant that their execution of this
release is free and voluntary. Executed facsimile copies shall have the same
force as originals

12. The Federal Court shall retain jurisdiction to enforce the terms of this
settlement agreement. In the event of a breach of this settlement agreement,
the prevailing party shall be entitled to fees and costs.

Jennifer Nerbec, Plaintiff                    9/23/10
                                              Date

David Garlock, Defendant                      9/27/10
                                              Date

Justin Tata, Defendant                        9/27/10
                                              Date

David Garlock, for McMillen and               9/27/10
Andrews, Defendant                            Date

Approved as to form:

Ronald Wilcox, counsel for plaintiff          9/27/10
                                              Date

Kari Silva, counsel for Defendants          Date