UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JENNIFER LYNN NEMEC, | ) | Case No.: C 09-06101 JW (PSG) |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF NEMEC'S MOTION TO COMPEL;** |
| v. | ) ) | **ORDER DENYING PLAINTIFF** |
| FINANCIAL RECOVERY CENTER, INC., ET AL., | ) ) | **NEMEC'S MOTION FOR SANCTIONS** |
| Defendants. | ) | **[Docket Nos. 70, 71, 80]** |
| _____ | ) | |

Plaintiff Jennifer Lynn Nemec moves to compel the deposition of Todd O. Laraba and for production of documents. In addition, Ms. Nemec moves for sanctions. Defendants Financial Recovery Center, Inc., Todd O. Laraba and Mark E. Lewis oppose the motions. Pursuant to Civ. L.R. 7-1(b), the motions are taken under submission and the hearing scheduled to be held on December 14, 2010 is vacated. Having reviewed the motion and considered the arguments of counsel,

IT IS HEREBY ORDERED that Ms. Nemec's motion to compel is denied.

Ms. Nemec first noticed the deposition of Todd Laraba for September 29, 2010. However, the parties entered into a settlement agreement on September 24, 2010. After Mr. Laraba failed to remit full payment of the settlement funds, Ms. Nemec re-noticed the deposition for October 22, 2010. Mr. Laraba served objections to the deposition notice, he did not appear for deposition, and

he did not produce any responsive documents.

On November 30, 2010, the court ordered Ms. Nemec to file a copy of the settlement agreement. *See* Interim Order re Plaintiff Nemec's Motion to Compel dated November 30, 2010. ("November 30, 2010 Interim Order"). The settlement agreement states in pertinent part:

> 1. JENNIFER NEMEC ("PLAINTIFF") and DEFENDANTS FINANCIAL RECOVERY CENTER and TODD LARABA ("DEFENDANTS") hereby fully release, relinquish and discharge, each other in this from all rights, claims and actions they now have against each other arising from any obligation, liability, claim or damages arising out of collection efforts made by Defendants, or the alleged underlying debt.
>
> 2. Defendants above shall pay the total sum of ten thousand ($10,000) made payable to 'Consumer Law Center, Inc.,' and use Tax I.D. # 34-1987104 to issue a Form 1099 to 'Consumer Law Center, Inc.' for the settlement amount, with payment being delivered by overnight mail, to be received on or before Thursday, September 30, 2010. . . . If the check does not clear the parties shall be restored to their respective positions and the litigation shall continue.
>    . . . .
>
> 7. The Federal Court shall retain jurisdiction to enforce the terms of this settlement agreement. In the event of a breach of this settlement agreement, the prevailing party shall be entitled to fees and costs.

*See* Mutual Release of Existing Claims, ¶¶ 1-2. ("Mutual Release"). (Docket No. 76). The parties agree that California law governs the settlement agreement. Mutual Release, ¶ 4.

In the settlement agreement, the parties expressly agreed to a mutual release of claims effective on the date the agreement was signed – September 24, 2010. By its own terms, only if a check was tendered and the check did not clear are the parties restored to their respective positions and the action resumed. Here, Mr. Laraba never tendered a check to make full payment, rendering the lone condition of "restoration" set forth by Ms. Nemec and Defendants unsatisfied. Under these circumstances, Ms. Nemec's remedy appears to be to move to enforce the settlement agreement pursuant to Paragraph 7 of the Mutual Release.

IT IS FURTHER ORDERED that Ms. Nemec's motion for sanctions is denied.

1    IT IS FURTHER ORDERED that Defendants' motion to appear telephonically at the above
2 scheduled hearing is denied as moot.
3    IT IS SO ORDERED.
4 Dated:    December 13, 2010

PAUL S. GREWAL
United States Magistrate Judge