Ronald Wilcox, Esq., State Bar No. 176601
2160 The Alameda, Suite F, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

Fred W. Schwinn, State Bar No. 176601
CONSUMER LAW CENTER, INC.
12 South First St., Suite 1014
San Jose, CA 96113-2418
Tel: (408) 294-6100
Fax: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER NEMEC, | CIV. NO. C09-06101 LHK |
| Plaintiff, | **NOTICE AND MOTION TO ENFORCE SETTLEMENT AGREEMENT, WITH SUPPORTING DECLARATION** |
| v. | |
| FINANCIAL RECOVERY CENTER, TODD LARABA, et al., | Date: January 27, 2011<br>Time: 1:30 p.m.<br>HON. LUCY KOH<br>U.S. District Court<br>280 South 1st St., San Jose, CA |
| Defendants. | |

**PLEASE TAKE NOTICE THAT** on January 27, 2010, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the above-entitled Court located at 280 South 1st St., San Jose, CA 95113, Plaintiffs will move the court to Enforce the Settlement Agreement between Plaintiff Jennifer Nemec and Defendants Financial Recovery Center and Todd Laraba. This motion will be based on the herein notice and motion, including the legal authorities cited, the supporting declaration, all documents related to the motion, all documents in the Court's file in this action, all matters of which the Court may take judicial notice, and any other items the Court deems appropriate.

- 1 -
NOTICE AND MOTION TO ENFORCE SETTLEMENT AGREEMENT, WITH SUPPORTING DECLARATION

1. **BACKGROUND**

Plaintiff Jennifer Nemec and Defendants Financial Recovery Center and Todd Laraba entered into a written settlement agreement on September 24, 2010. See **Exhibit 1**. Defendants were to make payment by Monday, September 29, 2010. Defendants failed to make the payment and breached the settlement agreement.

The case is still open, so the Court has jurisdiction to enforce the settlement agreement. Furthermore, the parties also agreed this court would retain jurisdiction to enforce the terms of the settlement agreement. *See Declaration of Ronald Wilcox* (hereafter "*Wilcox Decl.*").

Despite several email and telephone communications, Defendants have still yet to make payment. Thus, Plaintiff was forced to file this motion. *Wilcox Decl. ¶1-4*.

2. **ARGUMENT**

It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). In making the decision to enforce a settlement agreement, a district court must conclude that the parties have reached an agreement on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). Where facts material to an agreement are in dispute, an evidentiary hearing is generally compulsory. *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001) citing *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 622 (6th Cir. 1973)). However, no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). Thus, summary enforcement of a settlement agreement, as in this case, is appropriate when there is no substantial dispute regarding the existence of the agreement and the terms are unambiguous. *Kukla*, 483 F.2d at 621; *Aro Corp.*, 531 F.2d at 1372.

Herein, there can be no dispute an agreement was reached. Indeed, in an Order dated December 13, 2010, the Hon. Paul Grewal stated (Docket #82):

> In the settlement agreement, the parties expressly agreed to a mutual release of claims effective on the date the agreement was signed – September 24, 2010. By its own terms, only if a check was tendered and the check did not clear are the parties restored to their respective positions and the action resumed. Here, Mr. Laraba never tendered a check to make full payment, rendering the lone condition of "restoration" set forth by Ms. Nemec and Defendants unsatisfied. **Under these circumstances, Ms. Nemec's remedy appears to be to move to enforce the settlement agreement pursuant to Paragraph 7 of the Mutual Release.** (emphasis added)

Simply put, Defendants are in breach, and Plaintiffs have been forced to file this motion to enforce the settlement agreement and have the Court enter judgment. *Sangerman v. Theriault Enters.*, 2007 U.S. Dist. LEXIS 21322 (N.D. Cal. 2007)(motion to enforce settlement agreement and to enter judgment granted). Also see, *J & J Sports Prods. v. Corazon Cruz Chai*, 2010 U.S. Dist. LEXIS 75948 (E.D. CA 2010), and *J & J Sports Prods. v. Corazon Cruz Chai*, 2010 U.S. Dist. LEXIS 92694 (E.D. CA 2010), *Valory v. Gayle*, 2008 U.S. Dist. LEXIS 100250 (D. HI 2008).

Additionally, as indicated in paragraph 7 of the mutual release the parties agreed: "The Federal court shall retain jurisdiction to enforce the terms of this settlement agreement. In the event of a breach of this settlement agreement, the prevailing party shall be entitled to fees and costs." **Exhibit 1**.

Furthermore, Plaintiffs brought claims under the Fair Debt Collection Practices Act, which contains a fee shifting provision, thus providing reasonable attorney's fees and costs. 15 U.S.C. 1692k. Therefore, Plaintiffs are entitled to all reasonable fees and costs incurred herein. *Nunez v. Interstate Corporate Systems, Inc.*, 799 P.2d 30 (Supreme Court of Arizona 1990)("The award of attorney fees was required under 15 U.S.C.S. § 1692k(a)(3) because it provided statutory authority not only to award fees in the initial action but also in any action, such as this one, to enforce the judgment obtained in that initial action."). Also see, *In re Nucorp Energy, 764 F.2d 655 (9th Cir. 1985)* and *Spain v. Montanos,* 690 F.2d 742 (9th Cr. 1982). Plaintiff will file a declaration for attorney's fees and costs after the Court determines this motion.

**3.   RELIEF REQUESTED**

Plaintiffs respectfully requests:

1. That Plaintiff's **Motion to Enforce Settlement** Agreement be GRANTED; and

2. That **JUDGMENT** be entered in favor of Plaintiff Jennifer Nemec, and against Defendants Financial Recovery Center and Todd Laraba, in the amount of $10,000.

Respectfully submitted,

Dated: 12/22/10

/s/Ronald Wilcox
Ronald Wilcox, Counsel for Plaintiffs

# DECLARATION OF RONALD WILCOX

I, Ronald Wilcox, declare under penalty of perjury, under the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1. Plaintiff Jennifer Nemec and Defendants Financial Recovery Center and Todd Laraba entered into a settlement agreement on September 24, 2010. A true and correct copy of the agreement is attached as **Exhibit 1**.

2. In paragraph 7 of the mutual release the parties agreed this court would retain jurisdiction to enforce the terms of the settlement agreement.

3. Defendants were to make payment of $10,000 by September 30, 2010. Defendants failed to do so.

4. Despite telephone and email communications with Defendants', including on October 8 and 10, 2010, Defendant has failed to make payment.

Executed at San Jose, CA, this December 22, 2010

/s/Ronald Wilcox
Ronald Wilcox, #177601

NOTICE AND MOTION TO ENFORCE SETTLEMENT AGREEMENT, WITH SUPPORTING DECLARATION

# EXHIBIT 1

## MUTUAL RELEASE OF EXISTING CLAIMS

1.  JENNIFER NEMEC ("PLAINTIFF") and DEFENDANTS FINANCIAL RECOVERY CENTER, and TODD LARABA ("DEFENDANTS") hereby fully release relinquish and discharge, each other in this from all rights, claims and actions they now have against each other arising from any obligation, liability, claim or damages arising out of collection efforts made by Defendants, or the alleged underlying debt DEFENDANTS were attempting to collect as referenced in the lawsuit of *Nemec v. Financial Recovery Center, et al.*, case number C09-06101 LHK, in the U.S. District Court, Northern District of California, San Jose Division. Defendants will delete any credit report trade-lines that reference this account. DEFENDANTS allege they do not own, or have possession of the underlying debt or account, and are only agreeing to release Ms. Nemec from any liability on the debt to DEFENDANTS above, not to third parties. Ms. Nemec disputes owing the debt to anyone. The underlying account DEFENDANTS were allegedly attempting to collect will be removed from their database, destroyed and not sold or transferred to another entity.

2. DEFENDANTS above shall pay the total sum of ten thousand ($10,000), made payable to "Consumer Law Center, Inc.", and use Tax I.D. # 34-1987104 to issue a Form 1099 to "Consumer Law Center, Inc." for the settlement amount, with payment being delivered by overnight mail, to be received on or before Thursday, **September 30, 2010.**

After the check clears PLAINTIFF'S counsel shall disburse the funds to the PLAINTIFF and dismiss the action, case number C09-06101 LHK, in the Northern District of California (San Jose Division), with prejudice as to DEFENDANTS above, and Mark Lewis, and at such time the parties above shall be released. If the check does not clear the parties shall be restored to their respective positions and the litigation shall continue.

**This Mutual Release must be signed by DEFENDANT'S counsel and received by PLAINTIFF via fax by 5:00 p.m., Friday, September 24, 2010, AND signed by all parties identified above, and PLAINTIFF'S counsel and received via fax by DEFENDANT'S counsel by 3:00 p.m., Monday, September 29, 2010, or the agreement is void.**

3. There is no admission of liability by either party.

4. This release shall be governed by and construed in accordance with the laws of the State of California applicable to contracts made and wholly to be performed within the State of California.

5. The parties acknowledge that they have had the opportunity to read and review this agreement with legal counsel and are familiar with the provisions of the California Civil Code Section 1542 that provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH A PARTY CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE OTHER PARTY.

> THE PARTIES BEING AWARE OF THIS CODE SECTION, HEREBY EXPRESSLY WAIVE ANY RIGHTS OR BENEFITS THAT THEY MAY HAVE THERE UNDER, AS WELL AS ANY OTHER STATUTES OR COMMON LAW PRINCIPLES WITH SIMILAR EFFECTS, and as a further consideration and inducement for this Agreement, expressly agree that it shall apply to all unknown and unanticipated losses or damages which may hereafter be claimed by the undersigned as well as those known by the undersigned, in regards to acts committed before the execution of this document.

This excludes any future debts owed by Ms. Nemec to DEFENDANTS, any future claims Ms. Nemec may have against DEFENDANTS.

### CONDITIONS OF EXECUTION

6. The parties acknowledge, agree, and warrant that their execution of this release is free and voluntary. Executed facsimile copies shall have the same force as originals.

7. The Federal Court shall retain jurisdiction to enforce the terms of this settlement agreement. In the event of a breach of this settlement agreement, the prevailing party shall be entitled to fees and costs.

_____          9/23/10
Jennifer Nemec, Plaintiff           Date

_____     _____
Todd Laraba, Defendant                Date


_____     _____
Todd Laraba, for Financial Recovery   Date
Center, Defendant

_____     _____
*[signature]*                              9/27/10
Ronald Wilcox, counsel for plaintiff  Date


_____     _____
June Coleman, counsel for Defendants  Date

_____
Todd Laraba, Defendant

_____
Todd Laraba, for Financial Recovery
Center, Defendant

9-24-10
Date

9-24-10
Date


_____
Ronald Wilcox, counsel for plaintiff

_____
June Coleman, counsel for Defendants

Date

9/24/10
Date