UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER LYNN NEMEC,<br><br>              Plaintiff,<br>   v.<br><br>FINANCIAL RECOVERY CENTER, INC., ET AL.,<br><br>              Defendants. | Case No.: 09-CV-6101-LHK<br><br>ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT<br><br>(re: docket #85) |

Plaintiff Jennifer Nemec ("Plaintiff") filed suit against various Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. On September 24, 2010, Plaintiff and Defendants Financial Recovery Center and Todd Laraba (collectively "FRC Defendants") entered into a written settlement agreement. Under the terms of that agreement, FRC Defendants agreed to pay Plaintiff $10,000 by September 30, 2010. FRC Defendants failed to make that payment. Presently before the Court is Plaintiff's motion to enforce the terms of the settlement agreement against the FRC Defendants. Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiff's motion appropriate for resolution without oral argument. For the reasons set forth below, Plaintiff's motion is GRANTED.

**I.   BACKGROUND**

As noted above, Plaintiff and the FRC Defendants entered into a written settlement agreement on September 24, 2010. Paragraph 2 of the settlement provides that FRC Defendants

1

shall pay the total sum of $10,000 to Plaintiff by September 30, 2010.  FRD Defendants, however, never tendered a check, rendering the terms of the settlement agreement unfulfilled.  In Paragraph 7 of the settlement, the parties agreed that this Court would retain jurisdiction to enforce the terms of the agreement, and that, in the event of breach, the prevailing party would be entitled to fees and costs in connection with enforcing the terms of the agreement.

## II.   DISCUSSION

Courts have inherent power to enforce settlement agreements between parties in pending cases.  *See Metronet Servs. Corp. v. U.S. West Communics.*, 329 F.3d 1013, 1014 (9th Cir. 2003).  "Ordinarily, a district court is empowered to enforce a settlement agreement through summary proceedings," unless there is a dispute as to the existence or terms of the agreement.  *See Adams v. John-Manville Corp.*, 876 F.2d 702 (9th Cir. 1989).

Here, there is no dispute that Plaintiff and the FRC Defendants entered into a written settlement agreement: FRC Defendants agreed to pay $10,000 by September 30, 2010.  FRC Defendants failed to make that payment.  As Magistrate Judge Paul S. Grewal noted in a prior Order in this case (Dkt. #82), "[u]nder these circumstances, Ms. Nemec's remedy appears to be to move to enforce the settlement agreement pursuant to Paragraph 7" of the settlement.  Plaintiff has done so here, and is entitled to the $10,000 pursuant to the terms of the settlement.

## III.   CONCLUSION

Accordingly, Plaintiff's motion to enforce the settlement agreement is GRANTED.  The FRC Defendants are hereby ordered to pay Plaintiff $10,000 pursuant to the terms of their settlement.  As the agreement provides for the award of fees to the prevailing party in the event of breach, Plaintiff may seek such fees.  Plaintiff's counsel shall file a declaration of attorney's fees associated with the motion to enforce the settlement agreement by Friday, February 4, 2011.  The January 27, 2011 motion hearing and Case Management Conference are vacated.

**IT IS SO ORDERED.**

Dated: January 26, 2011

_____
LUCY H. KOH
United States District Judge

2

Case No.: 09-CV-06101-LHK
ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT