UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER LYNN NEMEC, | Case No.: 09-CV-6101-LHK |
| Plaintiff, | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL |
| v. | |
| FINANCIAL RECOVERY CENTER, INC., ET AL., | (re: docket #78) |
| Defendants. | |

Presently before the Court is a motion withdraw as counsel by Kronick, Moskovitz, Tiedemann & Girard ("KMTG"), counsel of record for Defendants Financial Recovery Center, Inc., Mark Lewis and Todd O. Laraba (collectively "FRC Defendants"). The FRC Defendants consent to KMTG's withdrawal as counsel. Pursuant to Civil Local Rule 7-1(b), the Court finds the motion appropriate for resolution without oral argument. For the reasons explained below, the unopposed motion to withdraw as counsel is GRANTED.

## I. BACKGROUND

On December 31, 2009, Plaintiff Jennifer Nemec ("Plaintiff") filed suit against various Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. These Defendants include the FRC Defendants. On June 10, 2010, KMTG substituted in as counsel for the FRC Defendants. On September 24, 2010, Plaintiff and the FRC

1

Defendants entered into a written settlement agreement. Under the terms of that agreement, FRC Defendants agreed to pay Plaintiff $10,000 by September 30, 2010. FRC Defendants failed to make that payment. In addition, the FRC Defendants informed KMTG that it can no longer pay any defense costs, and will have difficulty paying any defense costs already incurred. Moreover, KMTG represents that it has had serious difficulty communicating with the FRC Defendants. As noted above, FRC Defendants have consented to KMTG's withdrawal as counsel of record.

## II.  LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Permission to withdraw is discretionary. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California." Rule 3-700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel. Under that rule, an attorney may seek to withdraw for several reasons. Among these reasons are that the client "breaches an agreement or obligation to the member as to expenses or fees" or "[t]he client knowingly and freely assents to termination of the employment." CAL. R. PROF. CONDUCT 3-700(C)(1)(f), (C)(5). Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), [1] and complying with applicable laws and rules." CAL. R. PROF. CONDUCT 3-700(A)(2).

---

[1] Rule 3-700(D) provides: "A member whose employment has terminated shall: (1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. 'Client papers and property' includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and (2) Promptly refund any part of a fee paid in advance that has not been earned. This provision is not applicable to a true retainer fee which is paid solely for the purpose of ensuring the availability of the member for the matter."

### III. ANALYSIS

The Court agrees with KMTG that withdrawal under these circumstances is appropriate. The FRC Defendants have agreed to terminate KMTG's employment as counsel; will no longer pay for the costs of their defense (and will have difficulty paying for already-incurred costs); and have failed to maintain communication with KMTG. Any prejudice to the FRC Defendants is negligible because the case has settled, and there is limited need, if any, for counsel. In a concurrently filed Order, the Court is granting Plaintiff's motion to enforce the settlement agreement and ordering FRC Defendants to pay Plaintiff $10,000 pursuant to their settlement agreement. Moreover, KMTG has agreed to forward the entire case file to the FRC Defendants within three (3) business days of this Order.

As a result of this Order, the FRC Defendants must obtain new counsel or proceed pro se. However, under Civil Local Rule 3-9, Defendant Financial Recovery Center, Inc., a corporation, may not appear pro se and may only appear through a member of the bar of this Court. Accordingly, if the FRC Defendants do not satisfy the terms of their settlement agreement with Plaintiff, they will have to obtain and pay for counsel to defend Financial Recovery Center, Inc. or risk default.

### IV. CONCLUSION

For the foregoing reasons, KMTG's motion to withdraw as counsel for the FRC Defendants is GRANTED. KMTG shall serve this Order, and the concurrently filed Order granting Plaintiff's motion to enforce the settlement agreeement, on the FRC Defendants by certified mail and file proof of service with the Court by February 1, 2011. In addition, KMTG shall forward the entire case file to the FRC Defendants within three (3) business days of this Order, and shall file proof of service with the Court by February 1, 2011. The January 27, 2011 hearing and Case Management Conference are both vacated.

**IT IS SO ORDERED.**

Dated: January 26, 2011

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

3

Case No.: 09-CV-06101-LHK
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL