Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486

**COUNSEL FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER LYNN NEMEC,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL RECOVERY CENTER, INC.,<br>*et al.*<br><br>Defendants. | Case No. C09-06101 LHK<br><br>**ADMINISTRATIVE MOTION TO ALTER OR AMEND DISMISSAL [Fed. R. Civ. P. 58, 59]** |

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

On March 16, 2011, the Honorable Lucy Koh entered dismissal in the above-captioned matter, stating:

> Pursuant to this Court's Order granting Plaintiff's motion to enforce the settlement agreement [dkt. #94], judgment was also entered in favor of Plaintiff Jennifer Nemec and against Defendants Financial Recovery Center and Todd Laraba in the amount of $10,000. Pursuant to stipulation, Defendants Michael Enzinna and Mark E. Lewis have been dismissed by Plaintiff. The action against all Defendants having been resolved, the case is dismissed with prejudice and the Clerk is directed to close the file.

However, Fed. R. Cvi. P. 58(a) states a judgment needs to be "set out in a separate document." Thus, Plaintiff requested the Court enter a judgment against Defendants Financial Recovery Center and Todd Laraba as a separate document on December 22, 2011 (See Doc# 83, 4:2-3 and [Proposed] Judgment at Doc# 84), January 21, 2011 (Doc#92, 2:10-11), and March 16,

2011 (Doc# 100, 2:1-4). A judgment in the form of a separate document has yet to be entered (Doc#94 does not qualify as a separate document pursuant to Fed. R. Civ. P. 58(a)).

"[E]very judgment (as well as partial dispositions under Rule 54(b) must be labeled "judgment" and must be set forth on a separate document. Neither a judicial memorandum or opinion…satisfy this requirement…Likewise, a judgment that is encumbered with extraneous text, such as an "extensive" recitation of legal reasoning, analysis, facts or procedural history, fail the separateness requirement. Thus, to qualify as a "separate document", the judgment must (1) be a self-contained, separate document, (2) state the relief granted, and (3) omit the reasoning used by the district court to dispose of pending motions (which should, instead, be in the court's opinion)." **Federal Civil Rules Handbook (2011),** Baicker-McKee, Jansenn and Corr, West, p. 1150-1151. (internal citations omitted)

Therefore, Plaintiff respectfully requests the Court enter the [Proposed] Judgment (Doc# 84) as a separate document pursuant to Fed. R. Civ. P. 58(a).

Date: 3/21/11

/s/Ronald Wilcox
Ronald Wilcox
Attorney for Plaintiff

## DECLARATION

I, Ronald Wilcox, hereby attest:

I am counsel for the above-captioned Plaintiff.

1. The above facts are true to the best of my recollection.

Under penalty of perjury under the laws of the State of California, signed in San Jose.

Dated: 3/21/11           /s/Ronald Wilcox
                         Ronald Wilcox, Counsel for Plaintiff